Submitted on record and briefs July 17, affirmed August 26, 1998

# Arnold ROCHLIN,
*Petitioner,*

*v.*

# CITY OF PORTLAND
## and Ryan Lawrence,
*Respondents.*

(LUBA No. 97-080; CA A102188)

964 P2d 1081

Arnold Rochlin filed the briefs *pro se.*

Ruth M. Spetter, Senior Deputy City Attorney, filed the brief for respondent City of Portland.

Timothy J. Sercombe and Preston Gates & Ellis LLP filed the brief for respondent Ryan Lawrence.

Before Riggs, Presiding Judge, and Deits, Chief Judge, and Landau, Judge.

DEITS, C. J.

## DEITS, C. J.

Petitioner seeks review of LUBA's decision affirming the City of Portland planning director's approval of a combined final planned unit development (PUD) plan and final subdivision plat. We affirm.

Respondent Lawrence (respondent) submitted his final plan and plat to the city more than two but less than three years after obtaining preliminary approvals. Chapter 34 of the city code relates generally to subdivisions and requires the submission of final plats within two years of preliminary approval. Chapter 33 relates generally to PUDs and allows a three-year period between the first-stage approval and the filing of the final plan. There are a number of references in the two chapters to *combined* subdivision and PUD applications. The most definitive for purposes of the issues in this case is the one in section 33.79.160, which provides that a "combined PUD-subdivision application shall be subject to the review and appeal procedures of this Chapter 33.79, not those of [Chapter] 34."

Petitioner nevertheless contends in his first assignment of error that LUBA erred in rejecting his contention that the two-year rather than the three-year time limit is the applicable one, and that the preliminary approvals had therefore expired before respondent submitted his final plan and plat. Petitioner relies on references to combined applications in the code, other than the one we have quoted, and on a variety of theories, *e.g.*, that the time limit for final submissions is a "substantive" rather than a "procedural" matter. We agree with the analysis by which LUBA rejected petitioner's arguments, and with its conclusion that the three-year period is the applicable one under the city code.[1]

Petitioner makes one further assignment, which does not warrant discussion. We also find it unnecessary to address respondent's arguments in detail. We note only that we disagree with respondent insofar as he contends that any

---

[1] The deferential standard of ORS 197.829(1)(a)-(c) and of *Clark v. Jackson County*, 313 Or 508, 836 P2d 710 (1992), does not apply to LUBA's or our review of the planning director's interpretation of city legislation.

issues decided in LUBA's opinion or ours are outside our respective review authority or scope of review.

Affirmed.